Filing # 75935672 E-Filed 08/03/2018 10:24:28 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH  JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Plaintiff
        vs.

Defendant

---

**II.    TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

COMPOSITE EXHIBIT "B"

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
  ☒   Monetary;
  ☒   Non-monetary declaratory or injunctive relief;
  ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (     )**
  (Specify)

  <u>6</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐   Yes
  ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒   No
  ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒   Yes
  ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Anthony M Georges-Pierre</u>      FL Bar No.: <u>533637</u>
  Attorney or party                                            (Bar number, if attorney)

  <u>Anthony M Georges-Pierre</u>      <u>08/03/2018</u>
  (Type or print name)                        Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

AMANDA JONES,

CASE NO.: 2018-02625 CA 01

    Plaintiff,

v.

EMERALD CONSTRUCTION CORP.,
a Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT

    Plaintiff, AMANDA JONES ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, EMERALD CONSTRUCTION CORP. ("Defendant"), and in support states as follows:

### JURISDICTION AND VENUE

    1.  This action seeks damages in excess of $15,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant's sexual harassment, sex discrimination, retaliation, and termination of Plaintiff's employment in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII").

    2.  Plaintiff was at all relevant times a resident of Miami-Dade County, Florida.

    3.  Plaintiff was at all relevant times an "employee" of Defendant, as defined by the FCRA.

    4.  At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employees for each of 20 or more work weeks in the current or preceding year.

5. At all relevant times, Defendant conduced business in Miami-Dade County, and the actions and events that are the subject of this lawsuit occurred within Miami-Dade County.

6. Defendant is accordingly an "employer" as defined by the FCRA.

7. Plaintiff alleges causes of action for sex discrimination, sexual harassment, and retaliation under the FCRA and Title VII, as a result of the sexual harassment she experienced by Defendant and as a result of her retaliatory dismissal from employment with Defendant.

8. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 28, 2017, claiming discrimination based on sex and sexual harassment.

9. Plaintiff's Charge of Discrimination was dual filed with the Florida Commission on Human Relations ("FCHR"), the state equivalent of the EEOC.

10. More than 180 days have passed since the filings of Plaintiff's Charge of Discrimination.

11. Plaintiff has already received a Notice of Rights ("Right to Sue") letter from the EEOC.

12. Plaintiff has accordingly exhausted her administrative remedies prior to initiating the instant suit.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant from on or about June 20, 2017 to on or about August 31, 2017 as an Assistant Project Manager.

14. Throughout her employment with Defendant, Plaintiff performed all of her duties and assignments in an exemplary fashion.

15. Plaintiff was hired by Chad Mulligan, Executive Supervisor/Construction Manager, who oversaw Plaintiff's work and the work of other employees on Plaintiff's team.

16. Throughout her employment with Defendant, Plaintiff was directly supervised by Joe Lester, Senior Project Manager, who was authorized to act on behalf of Defendant.

17. Throughout her employment with Defendant, Mr. Lester sexually harassed Plaintiff through verbal means and through means of harassing and inappropriate text messages.

18. Many of the text messages sent by Mr. Lester included specific sexual innuendo directed at Plaintiff, such as a text message from on or about August 24, 2017 when Mr. Lester told Plaintiff "I think I deserve a little reach around for that.....lol."

19. On one occasion, with regards to a text message previously sent by Mr. Lester, Mr. Lester told Plaintiff that she would "look cute in turquoise Mustang."

20. Mr. Lester only wanted to speak to Plaintiff regarding her social life and personal relationships, and never about work-related issues.

21. Mr. Lester often sent messages about his own personal life, which were never prompted or requested by Plaintiff.

22. The actions of Mr. Lester only served to make work place interactions more difficult and stressful, which caused Plaintiff to have problems finishing work assignments.

23. Plaintiff was given much more work assignments than other male members of her team, and as described above, the discrimination and harassment she faced while working for Defendant only served to cause her to fall behind at work.

24. On or about August 1, 2018, as a direct result of the severe emotional distress from the interactions she had with Mr. Lester, Plaintiff had a seizure while out to dinner with a friend, though only after Plaintiff discussed with her friend the harassment and discrimination she was receiving at work.

25. On or about August 1, 2018, the City of Miami Fire Department was called to the scene of Plaintiff's seizure, where they administered treatment to Plaintiff on-scene.

26. Plaintiff was also discriminated against and harassed by Ted Mowen, an architect on Plaintiff's project based out of Atlanta, Georgia, who said to Plaintiff "this isn't the first time a woman has told me where to go."

27. Plaintiff often complained to Mr. Mulligan about the discrimination and harassment she received while working for Defendant, including the interactions with Mr. Lester and Mr. Mowen, but no steps or actions to remedy the discrimination or harassment were ever taken.

28. Defendant harbored a work environment of harassment and discrimination against Plaintiff, and when Plaintiff informed her supervisors about said environment, nothing was ever done to remedy the situation.

29. On or about August 31, 2017, as a direct result of the discriminatory and harassing environment that she was forced to endure, and seeing no end to that discrimination and harassment in sight, Plaintiff was given no choice but to quit her employment with Defendant as a result of a constructive discharge.

<u>COUNT I</u>
*Gender Discrimination in Violation of the FCRA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

33. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have

been the object of discrimination but for the fact that Plaintiff is female.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

5

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Retaliation in Violation of the FCRA

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

42. Plaintiff is a member of a protected class under the FCRA.

43. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT III</u>
*Sexual Harassment in Violation of the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. As part of its protections, the FCRA prohibits sexual harassment.

52. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

53. The harassing conduct to which Plaintiff was subjected was perpetrated against her as a result of her gender (female), and constituted actionable sexual harassment.

54. Plaintiff rejected Mr. Lester's and Mr. Mowen's sexual advances.

55. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

56. As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### Gender Discrimination in Violation of Title VII

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

58. Plaintiff is a member of a protected class under Title VII.

59. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

60. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

9

protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

63. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights. has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

66. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    a.   Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT V</u>
*Retaliation in Violation of Title VII*

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

69. Plaintiff is a member of a protected class under Title VII.

70. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

71. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

72. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

11

73. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

74. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

75. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    a.   Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f.   Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT VI
### *Sexual Harassment in Violation of Title VII*

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

77. Plaintiff is a member of a protected class under Title VII.

78. As part of its protections, Title VII prohibits sexual harassment.

79. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

80. The harassing conduct to which Plaintiff was subjected was perpetrated against her as a result of her gender (female), and constituted actionable sexual harassment.

81. Plaintiff rejected Mr. Lester's and Mr. Mowen's sexual advances.

82. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

83. As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

13

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Dated: 8|3|18

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

14

Filing # 76374261 E-Filed 08/13/2018 04:47:26 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

AMANDA JONES,

CASE NO.: 2018-026325 CA 01

     Plaintiff,

v.

EMERALD CONSTRUCTION CORP.,
a Florida Profit Corporation,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO: EMERALD CONSTRUCTION CORP., through its registered agent:**

     MARK R. HUMBLES
     1211 STIRLING ROAD, #106
     DANIA, FL 33004

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEYS:

     ANTHONY M. GEORGES-PIERRE, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                 DATE

_____
(BY) DEPUTY CLERK

15

Filing # 76374261 E-Filed 08/13/2018 04:47:26 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

AMANDA JONES,

CASE NO.: 2018-026325 CA 01

      Plaintiff,

v.

EMERALD CONSTRUCTION CORP.,
a Florida Profit Corporation,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: EMERALD CONSTRUCTION CORP., **through its registered agent:**

      MARK R. HUMBLES
      1211 STIRLING ROAD, #106
      DANIA, FL 33004

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEYS:

      ANTHONY M. GEORGES-PIERRE, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

      8/14/2018

| CLERK | DATE |
|---|---|
| | 38084 |
| (BY) DEPUTY CLERK | |

15

Filing # 77131205 E-Filed 08/28/2018 03:45:04 PM

## RETURN OF SERVICE

| State of Florida | County of Dade | Circuit Court |
|---|---|---|

Case Number: 2018-026325 CA01

Plaintiff:
**AMANDA JONES**

vs.

Defendant:
**EMERALD CONSTRUCTION CORP**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 16th day of August, 2018 at 2:37 pm to be served on **EMARALD CONSTRUCTION CORP. C/O MARK R. HUMBLES, AS REGISTERED AGENT, 1211 STIRLING ROAD #106, DANIA, FL 33004.**

I, ANDREW KARP, do hereby affirm that on the **21st day of August, 2018 at 11:00 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS IN A CIVIL CASE** with the date and hour of service endorsed thereon by me, to: **GILDA PEREDA** as **PRESIDENT** of **EMERALD CONSTRUCTION CORP.1211 STIRLING ROAD #106, DANIA, FL 33004**, and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018011515

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

Filing # 76374261 E-Filed 08/13/2018 04:47:26 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

AMANDA JONES,

     Plaintiff,

v.

EMERALD CONSTRUCTION CORP.,
a Florida Profit Corporation,

     Defendant.

_____/

CASE NO.: 2018-026325 CA 01

### SUMMONS IN A CIVIL CASE

TO: EMERALD CONSTRUCTION CORP., through its registered agent:

     MARK R. HUMBLES
     1211 STIRLING ROAD, #106
     DANIA, FL 33004

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEYS:

     ANTHONY M. GEORGES-PIERRE, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

     8/14/2018

CLERK            DATE

               36084

(BY) DEPUTY CLERK

OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM

15

Filing # 77825488 E-Filed 09/13/2018 09:45:08 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

AMANDA JONES,                              CASE NO:  2018-026325-CA-01

      Plaintiff,

vs.

EMERALD CONSTRUCTION CORP., a
Florida profit corporation,

      Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

Please take notice that Pincus & Currier LLP enters an appearance as attorneys to Defendant EMERALD CONSTRUCTION CORP., a Florida profit corporation in the above-styled cause of action. Please direct all correspondence, pleadings, papers, etc. in this matter to the undersigned.

In accordance with Fla. R. Civ. P. 1.080 and the new Fla. R. Jud. Admin. 2.516(b)(1)(A), effective September 1, 2012, the following individuals are hereby designated with the respective e-mail addresses for service of pleadings and documents in this lawsuit:

Counsel's Name:      Romin N. Currier, Esq.,
Primary E-Mail:     rcurrier@pincusandcurrier.com
Secondary E-Mail:  tstevenson@pincusandcurrier.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this *13* day of September, 2018, via ☒ E-Mail, ☐ U.S. Mail, ☐ facsimile, ☐ hand delivery, and/or ☐ overnight courier, upon: Anthony Georges-Pierre, Esq., Remer & Georges-Pierre, PLLC., 44 West Flagler Street, Suite 2200, Miami, FL 33130, agp@rgpattorneys.com; Max L. Horowitz, Esq., Remer & Georges-Pierre, PLLC., 44 West Flagler Street, Suite 2200, Miami, FL 33130, mhorowitz@rgpattorneys.com.

PINCUS & CURRIER LLP
324 North Lakeside Court
West Palm Beach, FL 33407
E-Mail: rcurrier@pincusandcurrier.com
tstevenson@pincusandcurrier.com

Telephone:  (561) 868-1340
Facsimile:  (561) 366-1310

By: _____
Romin N. Currier, Esq.,
Florida Bar No.: 566985

 

**COMPREHENSIVE CASE INFORMATION SYSTEM**

Harvey Ruvin, Clerk of the Circuit and County Courts

"We are agents of change and advocates of innovation. We apply appropriate strategic, technological, process and people solutions."

MIAMI-DADE COUNTY   CCIS

Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 132018CA020325000001 [2018-020325-CA-01] | 08/03/2018 | MIAMI-DADE | | Open | No | Yes |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SMITH, RODNEY | JUDGE | | |
| Anthony M Georges-Pierre | ATTORNEY | | |
| Jones, Amanda | PLAINTIFF | GEORGES-PIERRE, ANTHONY MAXIMILLIEN | 533637 |
| Emerald Construction Corp. | DEFENDANT | | |

**Dockets**

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 8 | 09/13/2018 | Notice of Appearance | |
| | 7 | 05/28/2018 | Service Returned | 2 |
| | 6 | 08/15/2018 | Receipt:<br>  Receipt#:3430215          Amt Paid:$10.00<br>Name:ANTHONY M GEORGES-PIERRE<br>44 W FLAGLER ST STE 2200<br>MIAMI FL 33130-6807<br>Comment:<br>Allocation Code      Quantity      Unit      Amount<br>3139-Summons Issue Fee      1      $10.00          $10.00<br>Tender Type:E-Filing ACH      Tender Amt:$10.00<br>Receipt Date:08/15/2018<br>Register#:343          Cashier:EFilingUser | |
| | 5 | 05/14/2018 | ESummons 20 Day Issued<br><br>Party: Emerald Construction Corp. | 1 |
| | 4 | 08/13/2018 | (M) 20 Day (C) Summons (Sub) Received | |
| | 3 | 08/04/2018 | Receipt:<br>  Receipt#:3420370          Amt Paid:$401.00<br>Name:ANTHONY M GEORGES-PIERRE<br>44 W FLAGLER ST STE 2200<br>MIAMI FL 33130-6807<br>Comment:<br>Allocation Code      Quantity      Unit      Amount<br>3100-Circuit Filing Fee      1      $401.00          $401.00<br>Tender Type:E-Filing ACH      Tender Amt:$401.00<br>Receipt Date:08/04/2018<br>Register#:342          Cashier:EFilingUser | |
| | 2 | 08/03/2018 | Complaint | 14 |
| | 1 | 08/03/2018 | Civil Cover | 2 |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**